UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

Rodney McMillan,

        Plaintiff,

  - against -

City of New York,

        Defendant,

10 CV 4806 (JSR)

Amended Complaint and
Jury Demand

---

Plaintiff, by his attorney, Michael G. O'Neill, alleges as follows:

1. This is an action to remedy defendant's violation of the Americans With Disabilities Act.

2. This Court has jurisdiction over the subject matter of this lawsuit by virtue of 28 U.S.C. §1331, 42 U.S.C. §12101 and 28 U.S.C. §1367.

3. Venue is proper because defendant resides in the Southern District of New York.

4. Plaintiff is an individual and is a resident of the State of New York.

5. Defendant City of New York (the "City") is a municipality existing under the laws of the State of New York.

6. Plaintiff was born without a left arm, and has suffered from schizophrenia during all times relevant to this complaint. Plaintiff is a person with a disability within the meaning of the Americans With Disabilities Act ("ADA") in that he is unable to perform any tasks that require two hands or engage in manual labor, and he cannot fall asleep and wake up

1

on a predictable schedule, or manage fluctuating levels of stress without the possibility of triggering sensory hallucinations. As a result of the foregoing, plaintiff is substantially limited in one or more major life activities.

7. Plaintiff is a person with a disability within the meaning of New York State Executive Law in that plaintiff suffers from physical and mental impairments resulting from anatomical, physiological, genetic or neurological conditions which prevents the exercise of a normal bodily function and/or is demonstrable by medically accepted clinical or laboratory diagnostic techniques. In addition, or alternatively, plaintiff has a record of such impairment or is regarded as having such an impairment.

8. Plaintiff is a person with a disability within the meaning of New York City Administrative Code in that plaintiff suffers from physical and mental impairments. In addition, or alternatively, plaintiff has a record of such impairment or is regarded as having such an impairment.

9. Plaintiff has been employed by the City for over 20 years as a case manager in its Human Resources Administration ("HRA") since December 1988. His primary job function is to administer services to mentally ill and disabled New Yorkers. Plaintiff's own disabilities make him uniquely suited to this area of employment, and his disabilities do not interfere with his ability to perform his essential job functions.

10. In March 1997, plaintiff was transferred to his current office within HRA. Since that time, plaintiff has made several requests for workplace accommodations. Specifically, plaintiff has requested a voice activated computer system, and a flexible work hours.

11. Over the years, the City intermittently provided partial accommodations for plaintiff's disabilities. Sometimes the City permitted plaintiff to work flexible hours; other times the City subjected plaintiff to varying levels of discipline for lateness, including suspensions from work without pay. The City fails to recognize that plaintiff's mental illness is the legitimate reason that he arrives to work at different times each morning, and City employees continually admonish plaintiff that he should be able to get to work on time, and that he should talk to his doctor about changing medication.

12. Over the years, plaintiff has worked faithfully with his doctor to treat his mental illness, and he takes psychotropic medication as well as medications to help him fall asleep at night and wake up in the morning. As a result, plaintiff's sleep cycle is completely artificial and motivated by medication. Plaintiff's medication regimen has achieved a delicate but imperfect balance that allows him to live a mainstream lifestyle despite his mental illness. However, the medications that control plaintiff's sleep are not perfect, and plaintiff cannot maintain a predictable sleep pattern, as a result of which plaintiff is unable to arrive at work consistently at the same time everyday.

13. Since plaintiff's initial request in March 1997, the City has made a few halfhearted attempts to provide plaintiff with a voice activated computer system. The City, however, has failed to provide a sustainable solution that will assist plaintiff, a one-armed person, with using the computer. The accommodations plaintiff has requested would pose no undue hardship to the City, and the City simply refuses to provide such accommodations.

14. As a result of the City's failure to provide plaintiff with these reasonable workplace accommodations, plaintiff timely filed charges of disability discrimination with the

United States Equal Opportunity Employment Commission ("EEOC"). On March 23, 2010, the EEOC sent a letter notifying plaintiff of his right to sue.

15. Furthermore, the City continues to impose discipline on plaintiff for arriving at work at different times. The City has docked plaintiff's pay and as of the filing of this complaint is threatening to terminate plaintiff's employment. On May 6, 2010, the City initiated termination proceedings against plaintiff on the grounds of excessive lateness.

16. On September 13, 2010, plaintiff was suspended from work without pay for excessive lateness.

17. Plaintiff's requests for accommodations of his disabilities are reasonable. Neither accommodation would cause the City to suffer any undue expense or other hardship.

18. On July 21, 2010 and within ninety (90) days after plaintiffs' actions arose, plaintiffs duly filed a Notice of Claim against the City of New York.

19. A 50-h hearing is in the process of being scheduled pursuant to Notice given by the City of New York.

20. At least thirty (30) days have elapsed since the demand or claim upon which this action is founded was presented to defendant City of New York for adjustment or payment thereof, and said defendant has neglected and refused to make, any adjustment or payment thereof.

21. The action is brought within the one (1) year and ninety (90) day period of time as prescribed by statute.

4

22.     Plaintiff has satisfied all conditions precedent to the institution of this lawsuit.

### Claim One

23.     Plaintiff alleges that the City violated the Americans with Disabilities Act by refusing to grant him one or more reasonable accommodations.

24.     As a result of defendants' violation of the Americans with Disabilities Act, plaintiff has suffered damages.

### Claim Two

25.     Plaintiff alleges that the City violated New York State Executive Law by refusing to grant him one or more reasonable accommodations.

26.     As a result of defendants' violation of New York State Executive Law, plaintiff has suffered damages.

### Claim Three

27.     Plaintiff alleges that the City violated New York City Administrative Code by refusing to grant him one or more reasonable accommodations.

28.     As a result of defendants' violation of New York City Administrative Code, plaintiff has suffered damages.

### Claim Four

29. Plaintiff alleges that defendants violated the Americans with Disabilities Act by subjecting plaintiff to discipline, suspension, loss of pay, and threat of termination based on conduct that is caused and created by his disability but does not prevent him from performing the essential functions of his job.

30. As a result of defendants' violation of the Americans with Disabilities Act, plaintiff has suffered damages.

### Claim Five

31. Plaintiff alleges that defendants violated New York State Executive Law by subjecting plaintiff to discipline, suspension, loss of pay, and threat of termination based on conduct that is caused and created by his disability but does not prevent him from performing the essential functions of his job.

32. As a result of defendants' violation of New York State Executive Law, plaintiff has suffered damages.

### Claim Six

33. Plaintiff alleges that defendants violated New York City Administrative Code by subjecting plaintiff to discipline, suspension, loss of pay, and threat of termination based on conduct that is caused and created by his disability but does not prevent him from performing the essential functions of his job.

34. As a result of defendants' violation of New York City Administrative Code, plaintiff has suffered damages.

WHEREFORE, plaintiff demands judgment as follows:

a) Awarding plaintiff a money judgment for his damages, including but not limited to lost wages, lost benefits, front pay, other economic damages, shame, humiliation, embarrassment and mental distress;

b) Liquidated damages under both the Fair Labor Standards Act and the New York State Labor Law;

c) Reinstating plaintiff to his employment or, in the alternative, providing front pay;

d) Awarding plaintiff punitive damages;

e) Awarding plaintiff a statutory attorneys' fee;

f) Awarding plaintiff costs and prejudgment interest; and

g) Granting such further and additional relief as the Court deems just and appropriate under the circumstances.

Dated: New York, New York
November 15, 2010

MICHAEL G. O'NEILL
(MO3957)

Attorney for Plaintiff
30 Vesey Street, Third Floor
New York, New York 10007
(212) 581-0990

## JURY DEMAND

Plaintiff demands trial by jury in this action.

Dated: New York, New York
       November 15, 2010

MICHAEL G. O'NEILL
(MO3957)

*[signature]*

Attorney for Plaintiff
30 Vesey Street, Third Floor
New York, New York 10023
(212) 581-0990
